**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 7:05-cr-14 |
| | : | |
| **ALMA WILLIAMS and** | : | |
| **BUNNIS WILLIAMS,** | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

Before the Court is Defendant Alma Williams' Motion for Judgment of Acquittal. (Doc. # 88.) For the reasons set forth below, the Motion is denied.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Defendants Alma and Bunnis Williams were each indicted on seven counts of wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, and one count of theft from programs receiving federal funds, in violation of 18 U.S.C. § 666 and 18 U.S.C. § 2. (Doc. # 1.) On June 19, 2006, a jury convicted Alma Williams on five counts of wire fraud and one count of theft from programs receiving federal funds and acquitted Bunnis Williams of all charges. (Doc. # 79.)

After the jury returned its verdict, Alma Williams' counsel indicated to the Court that she wished to make a motion. The jury was excused, and the attorney made an oral motion for judgment of acquittal. The stated basis for the motion was that because the Government

1

had charged the Williams with jointly developing a scheme to defraud, the jury's decision to convict Alma Williams on various charges but acquit Bunnis Williams on all of the charges was inconsistent. The Court told defense counsel it assumed she did not want a ruling on the motion at that moment, and she confirmed that she would prefer the Court reserve ruling on the matter. The Court then suggested that defense counsel put the motion in writing and indicated that it would be glad to consider the brief, along with the Government's response, in due course.

On July 31, 2006, Alma Williams filed a Motion for Judgment of Acquittal (doc. # 88) contending the jury verdict was inconsistent and unsupported by the evidence. The Government filed a Response (doc. # 89) challenging the motion's timeliness and propriety, and then filed a Supplemental Response (doc. # 93) at the request of the Court. The matter is now ripe for adjudication.

**II.     ANALYSIS**

    **A.     District Court's Jurisdiction to Consider the Motion for Judgment of Acquittal**

Before the Court can consider Alma Williams' arguments that the jury verdict was inconsistent and unsupported by the evidence, it must examine the Government's assertion that her motion is untimely.

        **1.     Federal Rule of Criminal Procedure 29(c)(1)**

Federal Rule of Criminal Procedure 29(c)(1) provides, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict

or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).[1] Thus, Rule 29(c)(1) provides for a strict seven-day time limit for the filing or renewing of a motion for judgment of acquittal. See, e.g., United States v Gupta, 363 F.3d 1169, 1172-73 (11th Cir. 2004) (addressing the pre-2005 version of Rule 29(c)(1)).

## 2. Application

Here, Alma Williams' counsel made an oral motion for judgment of acquittal immediately after the jury verdict. In doing so, she fulfilled the Rule 29(c) requirement that the motion be made within seven days of the jury verdict or discharge. While Alma Williams did not submit her brief in support of her motion until 42 days after her initial oral motion, this brief was not a renewal of a previously denied motion, as the Government asserts.[2]

---

[1] Rule 29(c) was amended on December 1, 2005, to remove the requirement that a court must act within seven days after a guilty verdict or jury's discharge to set the time for filing a motion for judgment of acquittal. See generally United States v. Melenedez, No. 04 CR 473 (GEL), 2006 WL 1379624, at *2-4 (S.D.N.Y. May 15, 2006) (comparing the present Rule 29(c) with the pre-2005 version). Alma Williams' trial took place in 2006, and thus the current version, including the 2005 amendment, governs her motion for judgment of acquittal. In its Response, however, the Government quotes from the previous version of Rule 29(c)(1) and asserts that Alma Williams' motion is time-barred because she "did not move to renew her motion until well after the 7-day period following the guilty verdict and dismissal of the jury, and since there was no other time set by the court." (Doc. # 89 at 2.) Regardless of which version of Rule 29(c) governs this case, the Court's finding in this Order that Alma Williams made an oral motion for a judgment of acquittal immediately after the jury verdict renders the Government's timeliness objection irrelevant.

[2] The Court respectfully disagrees with the Government's account of what occurred following the jury verdict. In its Response, the Government acknowledges that Alma Williams made a motion for judgment of acquittal after the jury was dismissed, but then asserts that the Court denied that motion. (Doc. # 89 at 1; Doc. # 93 at 2.) In fact, the Court reserved ruling on that motion, and allowed Alma Williams time to brief it. The Government also alleges that Alma Williams said she would file a written motion but "failed to do so within the time limit" and that she "never requested, and was never granted, any extension by the Court." (Doc. # 89 at 1.) The Court also rejects this characterization of the facts, since the Court granted Alma Williams leave to brief her motion but set no fixed time limit for its filing. The motion cannot have fallen outside of a

Indeed, the July 31, 2006, colloquy between the Court and Alma Williams' counsel indicated that the Court recognized the Motion for a Judgment of Acquittal had been *made* but would be *briefed* at a later date. In light of this acceptable sequence, Alma Williams' motion is timely and will be considered.

### B.    Consistency of Verdict

As she argued in her oral post-verdict motion, and reiterates in her brief, Alma Williams contends the jury verdict was inconsistent and advances two arguments to support this contention. First, she asserts that because the Government jointly charged her and her husband with developing a scheme to defraud the Government, it is illogical that the jury could convict her but acquit him. Second, Alma Williams argues that because she was found not guilty on counts one and five of the seven wire fraud charges she faced, this result indicates the jury believed she had not developed a scheme to defraud in January 2001, when the Government funds were initially deposited, but that the jury believed she must have developed the scheme later, while acting alone. The Government's Response ignores these specific contentions and notes that the Supreme Court of the United States has clearly held that verdicts should not be overturned merely because they are inconsistent. The Government also questions the propriety of Alma Williams raising this "inconsistency" claim in a Rule 29 motion rather than on appeal.

The Court shall not spend any more time than the Government did in refuting Alma

---

nonexistent deadline, and Alma Williams cannot be faulted for not having requested an extension she did not need.

Williams' specific assertions,[3] since the United States Court of Appeals for the Eleventh Circuit, adopting the rationale of the Supreme Court, has clearly held that "inconsistent verdicts, whether provided by juries or judges, are not subject to reversal merely because they are inconsistent." United States v. Wright, 63 F.3d 1067, 1073-74 (11th Cir. 1995) (citing United States v. Powell, 469 U.S. 57 (1984)).  Likewise, the Court need not address the propriety of Alma Williams bringing such a claim in a motion for judgment of acquittal. Inconsistent or not, challenged by the present motion or by some other vehicle, the jury verdict is insulated from review by the Court on this ground.

### C. Sufficiency of Evidence

Alma Williams concludes her inconsistency argument by acknowledging its unlikeliness to succeed in the face of Powell while simultaneously seeking to combine it with an insufficiency of evidence argument.  While Alma Williams' rationale for combining the two arguments is not readily apparent,[4] the Court will now address the merits, or lack thereof,

---

[3] However, the Court cannot help but note that rather than revealing "inconsistency," the jury's decision to convict Alma Williams and acquit Bunnis Williams arguably reflects its conclusion that she intentionally participated in a scheme to defraud while any assistance he may have lent her was unintentional.  Likewise, the jury's decision to acquit Alma Williams on two of the eight charges she faced might reveal the jury's careful parsing of the evidence in the case rather than its inability to render a consistent verdict.  Regardless of such speculation, in the light of Supreme Court and Eleventh Circuit precedent, Alma Williams' claim must fail.

[4] Perhaps Alma Williams is concerned that because she did not explicitly raise a sufficiency of evidence argument when she moved for a motion for judgment of acquittal, she would be unable to present the argument to the Court at this later date.  Whether this potential concern motivated her or not, the Court will consider the sufficiency of evidence argument for at least two reasons.  First, the Court specifically directed Alma Williams to brief her motion at a later point, which she has done, therefore it will consider that brief, and all matters contained within it, in support of her timely motion.  Second, the Court arguably preempted a more full recitation by Alma Williams of her

of her second argument. In this analysis, the Court is bound to review the evidence in the light most favorable to the Government. United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001). The Court also must accept reasonable constructions of the evidence and credibility choices made by the jury. United States v. Sanchez, 722 F.2d 1501, 1505 (11th Cir. 1984). In the words of the Eleventh Circuit,

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among the constructions of the evidence.

United States v. Brown, 40 F.3d 1218, 1221 (11th Cir. 1994).

### 1. Wire Fraud

Alma Williams was charged in Counts 1-7 with wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2. To prove that Alma Williams committed wire fraud, the Government had to prove that she (1) intentionally participated in a scheme to defraud; and (2) used wire communications to further that scheme. 18 U.S.C. § 1343 (2006); Belk v. United States, 868 F.2d 1208, 1211 (11th Cir. 1989).

Many of the facts in this case are undisputed. Alma Williams served as the Executive Director of the Eastside Training Academy, Inc. ("ETA"), a Valdosta, Georgia based organization that operated day care programs for children and social welfare programs for

---

potential grounds for a motion for judgment of acquittal when it directed her to brief the matter at a later time, and it will not now punish her for not raising every possible ground orally after the jury verdict.

senior citizens. Bunnis Williams was also involved with ETA.[5] From January 1, 2001, to April 1, 2002, ETA received two federal grants from the Corporation for National and Community Service ("CNCS")—one of approximately $284,005, earmarked for the Foster Grandparent Program ("FGP"), and one of approximately $36,076, designated for the Retired Senior Volunteer Program ("RSVP"). The clear terms and conditions of these grants required Alma Williams, on behalf of ETA, to spend the grant proceeds only on approved budgeted line items. The Government alleged, and Alma Williams admitted, that these terms and conditions were not always followed. At trial, the jury had to decide whether these mistakes were inadvertent and innocent, as Alma Williams contended, or whether they constituted an intentional scheme to defraud, as the Government alleged.

To prove its case, the Government presented evidence at trial detailing (1) Alma Williams' efforts to obtain the federal funds in question, (2) her role as the primary financial decision maker at ETA, (3) the opinions of her employees and federal investigators that she misspent the funds, and (4) numerous checks written out of the ETA account that were used to pay for non-FGP or RSVP expenses. This extensive evidence included the testimony of three former ETA bookkeepers regarding accounting irregularities (doc. # 93 at 4-6), the testimony of the State CNCS Director regarding unauthorized use of funds and altered expense reports (id. at 6), and copies of checks written from the ETA account and improperly

---

[5] Bunnis Williams' exact position with ETA was a matter of disagreement between the parties and, to the Court's knowledge, was never conclusively established. Regardless, there was no dispute that, while Bunnis Williams was involved in ETA in various capacities, Alma Williams was primarily in charge of fiscal matters at ETA.

used to pay non-ETA related expenses (id. at 7-10). Finally, Alma Williams herself testified and was cross examined by the Government. (Id. at 10-12.) As previously stated, at the conclusion of the trial, Alma Williams was convicted of five counts of wire fraud.

In her brief, Alma Williams admits that she used wire communications to obtain money from the federal government. However, she objects to the characterization of those transfers as improper or of their having been made to further a scheme. Instead, she contends that the evidence was insufficient to establish either the existence of any scheme to defraud the Government or any culpable knowledge and intent on her part to do so. Alma Williams claims there was no evidence presented that she concealed any material issues, since all funds obtained from the federal government were readily identifiable in the ETA account, and she never made any attempt to separate herself from the source of funding. Alma Williams further argues that the documents used by the Government to demonstrate what it believed to be a course of conduct designed to obtain money under false pretenses were created by someone other than herself, and that there was no evidence that she authorized the creation of these documents.

By way of response, the Government argues the jury's verdict was supported by ample evidence and provides a detailed recitation of what it considered the incriminating evidence presented at trial. (Doc. # 89 at 3; Doc. # 93 at 4-15.) In addition to the employee testimony and documentary evidence mentioned earlier, the Government focuses on the testimony and cross examination of Alma Williams herself. In doing so, the Government emphasizes that the jury was entitled to reject her explanation and conclude that the opposite

was true—that rather than having made innocent mistakes and left the program in better shape than when she found it, Alma Williams had intentionally participated in a scheme to defraud the Government.  See, e.g., United States v. Vazquez, 53 F.3d 1216, 1225-26 (11th Cir. 1995) ("This Court has established that when a defendant takes the stand in a criminal case and exposes his demeanor to the jury, the jury may make adverse determinations about his credibility and reject his explanation as a complete fabrication.") (collecting similar cases).

Viewing the evidence in the light most favorable to the Government, the Court finds the jury's verdict as to the five counts of wire fraud was supported by sufficient evidence. While the jury could have found Alma Williams unknowingly spent the funds in question on disallowed costs, the jury instead chose to credit the Government's theory and witness testimony that the misappropriation of funds was part of an intentional scheme to defraud. The Court must accept reasonable constructions of the evidence and credibility choices made by the jury.  Based on the evidence presented at trial, the jury reasonably determined that Alma Williams intentionally participated in a scheme to defraud and used wire communications to further that scheme.

### 2. Theft from Programs Receiving Federal Funds

Alma Williams was charged in Count 8 with theft from programs receiving federal funds, in violation of 18 U.S.C. § 666 and 18 U.S.C. § 2.  To prove that Alma Williams committed theft from a program receiving federal funds, the Government had to prove that (1) she was an agent of an organization; (2) she embezzled, stole, obtained by

fraud, knowingly converted, or intentionally misapplied property that was valued at more than $5000 from such organization; and (3) that the organization receives, in any one year period, federal assistance in excess of $10,000. 18 U.S.C. § 666 (2000).

Alma Williams does not dispute the first or third elements. Instead, she contends the evidence was insufficient to convict her under § 666 because there was no evidence of theft of funds from the Government by her, nor was there any evidence that she deliberately misapplied any funds for her personal benefit. Alma Williams argues that the evidence actually shows she only learned she had applied federal funds inappropriately when she was trained in their proper management at a seminar after the misapplication, and that she was open and honest regarding her mistakes with federal investigators. Again, the Government's response emphasized that the extensive witness testimony, documentary evidence, and Alma Williams' own testimony were enough to support the conviction.

Alma Williams' objections regarding the theft charge are substantially similar to her objections regarding her fraud convictions and are equally unavailing. The Government presented sufficient evidence to prove Alma Williams, through ETA, obtained significant government funds, and that a portion of those funds subsequently disappeared and/or was misspent. Here, the jury chose to credit the Government's evidence that Alma Williams embezzled, stole, obtained by fraud, knowingly converted, or intentionally misapplied those funds, rather than accept her protestations of innocence. Because this was a reasonable conclusion based on the evidence, and because a jury is free to choose among the constructions of the evidence, the Court will not disturb the verdict.

## III.    CONCLUSION

There is no prohibition of inconsistent verdicts, and there is sufficient evidence to support the conviction in this case. Alma Williams's Motion for Judgment of Acquittal (doc. # 88) is denied.

SO ORDERED, this the 18th day of September, 2006.

<u>s/    Hugh Lawson</u>
**HUGH LAWSON, JUDGE**

pdl